UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>THEODORE J. GRIFFITH,<br><br>　　　　　　　　Defendant. | NO: 2:14-CR-0168-TOR-23<br><br>ORDER DENYING MOTION TO ALTER JUDGMENT |

BEFORE THE COURT are Defendant's Motion to Extend Time to Report to Prison/Allow Electronic Home Monitoring (ECF No. 1052), and two Motions to Expedite (ECF No. 1053; 1054). On July 31, 2015, Theodore J. Griffith appeared before the Court and was sentenced to, inter alia, 60 days in jail and was directed to surrender as directed by the United States on or after August 17, 2015. ECF No. 1033. Defendant now seeks to delay his surrender by at least 30 days or convert his jail sentence to electronic home monitoring. The Court has reviewed the motions and the Government's response and is fully informed.

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 1

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quotation and brackets omitted, citing 18 U.S.C. § 3582(b)). A district court does not have inherent power to resentence defendants at any time. *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997). Its authority to do so must flow either from statue or the Federal Rules of Criminal Procedure. *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028–30 (9th Cir. 1999). Rule 35 delineates a limited set of circumstances in which a sentence may be corrected or reduced. Specifically, it authorizes a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days after sentencing. Fed. R. Crim. P. 35(a). Rule 35 "is not is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." 1991 Advisory Committee notes to Rule 35.

Rule 36 allows the correction of "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission. . ." Fed. R. Crim. P. 36. Rule 36 does not apply to errors made by the court itself. *See United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003).

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 2

The Court has given due consideration to Defendant's motion and denies the same.  Whether or not the Court has jurisdiction to modify the sentence, the decision remains the same.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Extend Time to Report to Prison/Allow Electronic Home Monitoring (ECF No. 1052) is **DENIED**.

2. Defendant's Motions to Expedite (ECF No. 1053; 1054) are **GRANTED**.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel, the United States Probation Office, and the United States Marshal.

**DATED** August 17, 2015.



THOMAS O. RICE
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO ALTER JUDGMENT ~ 3